No. 3332

Second Circuit

PERRY v. CARTER

(July 5, 1930. Opinion and Decree.)

Galloway & Johnson, of Shreveport, attorneys for plaintiff, appellant.

J. S. Atkinson and Alex F. Smith, of Shreveport, attorneys for defendant, appellee.

ODOM, J. Plaintiff's automobile collided with defendant's on Centenary boulevard in the city of Shreveport and he prosecutes this suit against defendant to recover the amount of damage to his car and for personal injuries sustained by his minor son who was in the car with him at the time. He makes the usual allegations of negligence on the part of defendant and of his own freedom from negligence. Defendant denied that he was negligent and alleged that the collision was due solely to plaintiff's negligence.

This appeal is by plaintiff from a judgment rejecting his demands.

Centenary boulevard is about 45 feet wide, is paved, and runs approximately north and south along the edge of the grounds and premises of Centenary College. From the property of the college, there is a graveled driveway into the boulevard intersecting it at a point opposite where Rutherford street intersects it. When the two cars collided, plaintiff was driving his south on the boulevard and defendant was crossing the boulevard at right angles from the Centenary driveway to Rutherford street. Defendant had driven out from the college grounds into the intersection and had gotten his car to within five feet of the west edge of the boulevard when plaintiff's car ran against it. All the testimony shows that the two cars were running at right angles to each other and that plaintiff's ran against defendant's car broadside.

The testimony further shows beyond question that defendant's car was well within the intersection or out into the boulevard in front of plaintiff before his car reached it; and further, that when defendant's car was in the intersection, plaintiff's was far enough away to have been easily stopped before reaching the point of collision, if plaintiff had used proper precautions.

Counsel for plaintiff refer to Smith vs. Interurban Transportation Co., decided by this court and reported in 5 La. App. 704; as a parallel case. We there held that Mrs. Smith, who drove from a private driveway into a much-used public highway in front of an oncoming bus, could not recover because of her negligence. But there the facts were different. Our reading of the testimony in that case brought us to a conclusion stated by us as follows:

"Mrs. Smith drove onto the road from a side entrance at a point so close in front of the bus that the driver could not stop before reaching her car."

And again,

"Mrs. Smith came onto the road over a little used private driveway and her advent onto the road was so sudden and so close that the bus driver could not avoid the accident."

In the case at bar, the driveway from the college grounds into the boulevard is referred to as a "private driveway," and it is in a sense. But it is a much-used driveway. Students of the college, who live in Shreveport and in close proximity thereto, and visitors use the driveway almost constantly and at all hours. Plaintiff says he was familiar with that custom as he drove into and from the grounds every day. Being thus familiar with the premises and the frequent use of the driveway by vehicles, he should have been on guard. This driveway enters the boulevard opposite Rutherford street, so that the place where the collision occurred may properly be referred to as an intersection. This being true, to the knowledge of both drivers, they should be held to the rules governing traffic at public street intersections.

We do not find that defendant was guilty of negligence. He drove into the intersection slowly and cautiously. He saw plaintiff's car, or its lights, coming down the street and says he assumed that the driver was not exceeding the speed limit of eighteen miles an hour, in which event he had ample time to get across. He did get almost across and we think he would have succeeded had plaintiff been running within the speed limit. Plaintiff says he was not going over sixteen miles an hour. His speedometer was not working, but he says that was his estimate. He must have been going faster, as he applied his brakes, which took effect, the wheels leaving skid marks fifteen or twenty feet long on the pavement. We do not think plaintiff was looking ahead. He intended to turn to the right and go west, out Rutherford street, and he was looking that way. If he had looked ahead, he would have seen defendant's car in the intersection before he reached it in ample time to stop.

The collision being due to plaintiff's fault, he cannot recover.

The judgment appealed from is affirmed.